**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE GUAM WATERWORKS AUTHORITY, ) | **CIVIL CASE NO. SP0002-13** |
| ) | |
| Petitioner, ) | |
| ) | **DECISION AND ORDER** |
| vs. ) | |
| ) | |
| THE GUAM CIVIL SERVICE COMMISSION, ) | |
| ) | |
| Respondent, ) | |
| ) | |
| and ) | |
| ) | |
| DANIEL L. MESNGON, ) | |
| ) | |
| Real Party at Interest. ) | |
| ) | |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Petitioner's Petition for Judicial Review, filed January 10, 2013. Oral arguments were heard on August 7, 2013 and briefs from all parties were submitted August 19, 2013. Attorney Samuel J. Taylor represented Petitioner, Attorney Sophia S. Diaz appeared on behalf of Respondent, and Attorney Daniel S. Somerfleck represented Real Party in Interest Daniel L. Mesngon. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On March 7, 2011, Petitioner Guam Waterworks Authority (hereinafter "GWA") hired Real Party at Interest Daniel L. Mesngon ("Mesngon") as a Safety Inspector II, which is a Certified, Technical and Professional ("CTP") position as provided by Guam Public Law 28-159. GWA subsequently terminated Mesngon's employment on September 6, 2011. Mesngon filed an appeal with the Guam Civil Service Commission ("CSC") on September 23, 2011.



GWA filed a motion to dismiss Mesngon's appeal on May 21, 2012 and argued that the CSC lacked jurisdiction to hear the appeal because the Employee had not yet served the mandatory six months required under CTP rules 6.1 – 6.3 for an employee to attain status as a "classified employee" and thus grant the CSC jurisdiction. No opposition was filed by Mesngon to GWA's motion.

On June 21, 2012, the CSC held a hearing on GWA's motion. After oral arguments were made and deliberations were underway, the CSC required GWA to produce additional documents. After GWA had delivered the requested documents to the CSC, the CSC continued is deliberations and no further oral arguments were allowed from the parties' representatives.

On December 14, 2012, the CSC issued a Decision and Judgment determining that Mesgnon had completed his six-month probationary period and that his termination was invalid because GWA had failed to provide notice of, and an opportunity to respond to, the charges underlying the basis for his dismissal.

On January 10, 2013, GWA filed a Petition for Judicial Review of the actions of CSC regarding the CSC's Decision and Judgment issued December 14, 2013. GWA argues that the CSC violated Guam law and precedent when it determined that Mesngon was a classified employee subject to civil service protections. (Pet. Judicial Review, 5, January 10, 2013). GWA further argues that GWA was denied due process of law when the CSC ordered GWA to produce documents after "all the evidence had been presented" and the "arguments" had concluded on GWA's motion to dismiss. *Id.* at 5-6. CSC contends that it correctly determined that Mesngon completed his probationary appointment at the time of his termination and that GWA was afforded sufficient due process in the proceedings held by the civil service commission. (Br. Respondent CSC, 2-5, August 19, 2013).

## DISCUSSION

I. **Petition for Judicial Review**

Under Guam law, "the law establishing the CSC governs appeals to the CSC from adverse actions and provides for judicial review of the CSC decisions." *Carlson v. Perez*, 2007



Guam 6 ¶ 60 (*citing* 4 GCA §§ 4105(b), 4403(b), and 4406 (2005)). "[T]he proper way for classified employees of the government of Guam or any of its instrumentalities, corporations or agencies to utilize the right of judicial review of CSC decisions is by filing a Petition for Judicial Review." *Id.* at ¶ 65 (internal quotation marks omitted); *see* 7 GCA § 7117. Although 4 GCA § 4406 is silent as to the procedures for obtaining judicial review, there is a judicially-created limitations period where a CSC decision must be appealed within 30 days. *Dep't of Agric. v. Civil Serv. Comm'n*, 2009 Guam 19 ¶ 13 (*citing Carlson*, 2007 Guam 6 ¶ 61).

## II.    Standard of Review

Pursuant to 4 GCA § 4406, this Court has jurisdiction over the review of a final decision of the CSC.[1]   However, the statute, as well as the CSC Rules of Procedure for Adverse Action Appeals, is silent as to the procedures and the applicable standard of review for a Petition for Judicial Review.[2]  When a court with jurisdiction over a controversy is without guidance from legal precedent, statutory authority and agency law, Guam law provides as follows:

> When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceeding be not specifically pointed out by law or by rules of procedure adopted by the Supreme Court, any suitable process or mode of proceedings may be adopted which may appear most conformable to the spirit of this Title.

7 GCA § 7117 (2005).

The Supreme Court of Guam has acknowledged that a court has the power to articulate procedures in judicial review cases where statute and agency laws are silent. *Carlson*, 2007 Guam 6 ¶ 62.  Therefore, this Court is required to adopt a suitable procedure for review in this case.

---

[1] 4 GCA § 4406 provides, in relevant part: "The decision of the Commission or appropriate entity shall be final, but subject to judicial review."

[2] Rule 11.7.8 of the of the CSC Rules of Procedure for Adverse Action Appeals provides that "[j]udicial review of judgment of the CSC may be had by filing appropriate pleadings with the Superior Court of Guam within thirty (30) days after judgment is entered." CSC AA R.11.7.8 (2010). However, the meaning of "appropriate pleadings" is left unexplained in the rules.

ORIGINAL

This Court finds, as have previous cases before the Superior Court of Guam, that the applicable procedures in this case are set forth under Article 1 of 7 GCA Chapter 31. Title 7 GCA §31102 directs this Court may grant a writ of review when an inferior, quasi-judicial tribunal has exceeded its jurisdiction and where there is no right to appeal or other plain, speedy or adequate remedy available. Title 4 GCA §§ 4403, 4404, 4405 & 4406 bestow duties and powers to the CSC that clearly qualify it as an inferior, quasi-judicial tribunal as referred to in 7 GCA § 31102. Accordingly, given the absence of any explicit procedures for how this Court is to address a Petition for Judicial Review of a CSC decision, the Court finds the general writ review statutes of 7 GCA §31101, *et seq.* to be the appropriate vehicle and the Court will apply those statutes to this case. Prior courts have reasoned similarly.[3]

Therefore, this Court will adopt the following standard: "[t]he review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." 7 GCA § 31108 (2005). Upon review, a court may affirm, annul, or modify the proceedings. 7 GCA § 31109 (2005).

## III.    CSC's Jurisdiction

Under Guam law, the CSC's jurisdiction only extends over persons in classified positions. *Attorney Gen. of Guam v. Perez*, 2008 Guam 16 ¶ 5. "An employee who has successfully completed his probationary term upon entrance into the government of Guam is afforded the job protections of the personnel laws and rules, *i.e.*, he or she attains permanent status into the classified service." *Blas v. Guam Customs & Quarantine Agency*, 2000 Guam 12 ¶ 22. Alternatively, unless the employee completes the probationary term, "he or she can be dismissed at any time without the right of appeal nor of the right to be given reasons or charges in writing." *Id.* Therefore, "[a] probationary employee may be dismissed without a hearing or judicially cognizable good cause." *Id.* (*citing Swift v. Cnty. of Placer*, 153 Cal.Rptr. 181, 185

---

[3] *See Volta v. Guam Civil Service Commission*, SP0075-11, at 7-8 (Super.Ct.Guam Apr. 12, 2013); *Murer v. Civil Service Commission*, SP01501-10, at 3 (Super.Ct.Guam Jul. 10, 2013).



(Cal.Ct.App.1984)). It is undisputed that Mesngon would be characterized as a classified employee subject to civil service protection after a six-month probationary period.[4]

In this case, Mesngon was hired by GWA as a Safety Inspector II on March 7, 2011 and he was terminated by GWA, effective at the close of business, on September 6, 2011. (CSC Decision & Judgment, 3, Dec. 12, 2012). The CSC reasoned that, at the time of Mesngon's termination on September 6, 2011, Mesngon had completed the requirement of his six-month probationary period. *Id.* In its petition, GWA requests this Court conduct a review of a *factual* determination made by the CSC upon the question of whether Mesngon's termination occurred prior to the end of his six-month probationary term. However, the applicable standard of review that binds this Court's analysis does not contemplate this type of factual reconsideration.

In *Carlson v. Perez*, the Guam Supreme Court limited the Superior Court's review of a CSC decision to that which would be accorded to a "petition for judicial review", as opposed to that which would apply to a writ of mandate. 2007 Guam 6 ¶¶ 57-60, 65. Guam law regarding the allowable extent of a writ of review, specifically Title 7 GCA § 31108, restricts this Court to a determination of whether an inferior tribunal "has regularly pursued [its] authority." The type of review sought by GWA here -- a *de novo* appellate review, such as is appropriate for writs of mandamus per 5 GCA §§ 9240 and 9241 -- exceeds the authority afforded to this Court. Because GWA requests relief outside of the standard to which this Court must adhere, the petition will be dismissed.

## IV. Due Process

GWA also contends that it was denied due process when CSC requested further documentation from GWA after all "evidence had been presented" and the "arguments" had

---

[4] The Certified, Technical and Professional Rules relied upon by GWA provides as follows:

> 6.1 Certified, Technical and Professional Employees in the classified service shall serve a probationary period of six (6) months. An extension of up to six (6) additional months may be granted. The division manager must justify, in writing, to the General Manager stating specific reasons for the request for extension based on the duties and responsibilities associated with the employee's current position job standard. No extension beyond six (6) months may be granted.

(CSC Decision & Judgment, 3-4, Dec. 14, 2012).

ORIGINAL

concluded on GWA's Motion to Dismiss. (Pet. Judicial Review, 5, January 10, 2013). GWA further argues that CSC failed to issue a subpoena for the documentation and the submission of documents after arguments had "closed" prevented GWA from pointing out that GWA's calculation of time was correct. *Id.*

Applying the applicable standard of review to this claim, the Court must determine whether CSC acted within its authority when it sought the production of documents from GWA after oral arguments had concluded and deliberations by the CSC were underway at the hearing. Rule 10.1 of the CSC Rules of Procedure for Adverse Action Appeals provides that each party shall submit to the CSC all documents it wishes the CSC to consider no later than twenty-eight (28) days before a hearing on the merits, and that the "[f]aliure to comply with this provision will result in the documents being returned and not considered by the CSC for purposes of the scheduled hearing." CSC AA R.10.1 (2010). However, the rule does not limit or condemn the CSC's ability to request a party to produce documents, at any time, in the course of their review. Therefore, the CSC acted within its authority when it requested and considered the documents from GWA.

In addition, under Guam law, "[w]aiver can be shown by the affirmative acts of a party or by conduct that supports the conclusion that waiver was *intended.*" *Guam Election Com'n v. Responsible Choices for All Adults Coalition*, 2007 Guam 20 ¶ 84 (alteration in original) (internal quotation marks omitted) (*quoting Guam Hous. & Urban Renewal Auth. v. Dongbu Ins. Co.*, 2001 Guam 24 ¶ 18). "Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the the [sic] explanation or excuse." *Flauta v. Superior Court of Guam*, No. 88–00005, 1988 WL 242613, at *2 (D.Guam App.Div. Sept. 26, 1989). Furthermore, since this Court is to act in the capacity of an appellate body, it is instructive to note that an appellate court does not generally address an argument raised for the first time on appeal. *Taniguchi-Ruth & Associates v. MDI Guam Corp.*, 2005 Guam 7 ¶ 78.

In this case, it is undisputed that GWA produced the documents without objection. If GWA wanted to raise an objection to the production of the documents after "all the evidence had been presented" and the "arguments" had concluded for the CSC hearing, it could have



done so at that time.[5] (Pet. Judicial Review, 5-6, January 10, 2013). GWA failed to do so and complied with CSC's request for the documentation. Such actions support the conclusion that GWA intended to waive its rights to object to the production of the documents. Further, for purposes of judicial review, this Court will decline to address an argument raised for the first time here and never raised previously, especially where the opportunity existed for GWA to raise the issue before the CSC. For these reasons, this Court finds there was no violation of due process in the proceedings held by the CSC.

///

///

///

## CONCLUSION

Based upon the foregoing, GWA's Petition for Judicial Review is hereby DISMISSED.

**SO ORDERED this** /2TH **day of December, 2013.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 1 2 2013

James R. Borja
Deputy Clerk, Superior Court of Guam

---

[5] Pursuant to Rule 10.3 of the CSC Rules of Procedure for Adverse Action Appeals, GWA had the opportunity to object to the submission of the requested documents by filing a written objection to the CSC Commissioner. CSC AA R.10.3 (2010).

ORIGINAL